1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10 | BRANDON LEE STANLEY,                    CASE NO. C15-256 MJP

11 |                    Plaintiff,             ORDER ON REPORT AND
                                              RECOMMENDATION
12 |          v.

13 | FEDERAL BUREAU OF PRISONS, et
     al.,
14 |                    Defendants.

15

16

17      The Court, having received and reviewed:

18      1.  Report and Recommendation (Dkt. No. 27),

19      2.  Objection to the Magistrate Judge's Report and Recommendation (Dkt. No. 28), and

20      3.  Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and

21          Recommendation (Dkt. No. 29)

22 and all attached declarations and exhibits, makes the following ruling:

23      IT IS ORDERED the Report and Recommendation is ADOPTED and Plaintiff's

24 proposed 42 U.S.C. § 1983 complaint is DISMISSED without prejudice.

**Background**

Plaintiff brought this civil rights action pursuant to <u>Bivens</u> (403 U.S. 388 (1971)) and the Federal Tort Claims Act (FTCA) based on allegations that an injury he incurred while incarcerated was improperly attended to by agents of the Bureau of Prisons (BOP).

The Court will not reiterate the procedural narrative which chronicles Plaintiff's attempts to remedy his situation. The facts are well-described in the R&R (*see* Dkt. No. 27 at 2-5), and Plaintiff does not dispute those facts.

**Discussion**

This case centers around the "exhaustion requirement," as set out in the Prison Litigation Reform Act (PLRA):

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The Government has moved for dismissal of Plaintiff's claims on the grounds that he has failed to exhaust his administrative remedies; the Magistrate Judge concurs and recommends that the dismissal be granted.

"The Plaintiff concedes that he has not properly exhausted his [Administrative Remedy Program] for his claim of deliberate indifference toward his serious medical needs, and crule [*sic*] and unusual punishment brought under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971)." (Objns at 4.) Plaintiff's sole objection is a legal one: that he was not required to exhaust his remedies under the Administrative Remedy Program (ARP) for his claims under the Federal Tort Claims Act (FTCA).

Plaintiff has no legal support for his position. He cites to language in <u>Ali v. Federal Bureau of Prisons</u>, 552 U.S. 214 (2008), but the language he cites to is from the *dissenting*

opinion, which has no precedential value.  In fact, the Supreme Court has spoken clearly on this issue – the exhaustion requirement will be applied to every suit, brought under any federal statute (including the FTCA), regarding conditions of imprisonment, including "all prisoners seeking redress for prison circumstances and occurrences… whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Plaintiff cannot escape the operation of the exhaustion requirement and, as he himself concedes, he has not cleared that procedural hurdle.  That failure dictates the result in this matter: dismissal of his lawsuit until he has completed the administrative process laid out for incarcerated persons in the Administrative Remedy Program.

**Conclusion**

Plaintiff's failure to exhaust his administrative remedies requires the dismissal of all of his claims.  The Court ADOPTS the Report and Recommendation and DISMISSES Plaintiff's proposed complaint without prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and to all counsel.

Dated November 12, 2015.

Marsha J. Pechman
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 3