UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRANDON LEE STANLEY,

                Plaintiff,

     v.

FEDERAL BUREAU OF PRISONS,

                Defendant.

CASE NO. C15-256-RSL-BAT

**ORDER RE INVITATION TO MOVE TO APPOINT COUNSEL**

This matter comes before the Court on remand from the Ninth Circuit Court of Appeals. Dkts. 39, 40. Plaintiff Brandon Lee Stanley, proceeding *pro se* and *in forma pauperis*, brought this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act (FTCA) against the United States of America, Warden Jack Fox, Jane Doe Medical Supervisor, and John Doe X-Ray Technician ("defendants")[1] on June 15, 2015. Dkt. 13. Mr. Stanley's complaint alleged that his claims for medical assistance were denied after he broke his right hand at FDC SeaTac on April 6, 2013. *Id* at 4. He further alleged that John Doe X-ray technician failed to order further medical attention or immobilize his hand even though an x-ray taken on April 8, 2013, revealed that his hand was

---

[1] To date, neither John nor Jane Doe has been identified or served. Accordingly, "defendants" hereinafter refers only to the United States and Warden Fox.

ORDER RE INVITATION TO MOVE TO
APPOINT COUNSEL - 1

broken. *Id.* On April 25, 2013, Mr. Stanley received surgery on his right hand. *Id.* He claims that during the 19 days he waited for the surgery, he suffered avoidable pain and suffering and was denied adequate medication. *Id.* Finally, Mr. Stanley's complaint alleged lasting damage to his right hand due to the delay in obtaining timely and appropriate medical attention. *Id.* at 5.

The case was initially resolved on summary judgment based on defendants' argument that Mr. Stanley had failed to exhaust his administrative remedies. Dkt. 27. On appeal, defendants "waived the affirmative defense of exhaustion that they asserted in the district court [as to Mr. Stanley's claim arising under the FTCA], and request[ed] that [the Court of Appeals] vacate and remand for further proceedings." Dkt. 39 at 2. The Appeals Court therefore vacated the District Court's judgment and remanded the case for further proceedings. *Id.*[2]

The Court has discretion to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1), but an appointment of counsel should only be granted under "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether exceptional circumstances exist, the Court considers "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). The record suggests that exceptional circumstances exist: defendants have declined to pursue the argument underlying the Court's dismissal on appeal and the Court's earlier judgment has been vacated; the substantive merits of Mr. Stanley's claims have not yet been addressed and may be resolved via supplemental dispositive motions; this matter may be amenable to being resolved via mediation or settlement; and if this matter proceeds to trial, the plaintiff is both proceeding *pro se*, and is incarcerated.

---

[2] The Court issued its mandate on June 19, 2017. Dkt. 40.

ORDER RE INVITATION TO MOVE TO
APPOINT COUNSEL - 2

1         The Court therefore invites Mr. Stanley to file no later than **July 12, 2017** a motion for appointment of pro bono counsel for all further proceedings, including submission of a joint status report regarding pertinent pre-trial and trial dates. *See generally* General Order 10–05 § 4(b) (W.D.Wash. Aug. 12, 2010).

        DATED this 22nd day of June, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER RE INVITATION TO MOVE TO
APPOINT COUNSEL - 3